**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

*State of New Mexico vs. U.S. Department of Justice, et al.*

# Complaint-Exhibit 21

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: July 25, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JEFFREY EPSTEIN,

Defendant.

**PROTECTIVE ORDER**

19 Cr. 490 (RMB)

RICHARD M. BERMAN, United States District Judge:

WHEREAS the Government intends to produce to JEFFREY EPSTEIN, the defendant, certain documents and materials that (i) affect the privacy and confidentiality of individuals, (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated, and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this action, and other materials pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16") and pursuant to any other disclosure obligations (collectively, the "Discovery"), which contain sensitive, confidential, or personal identifying information;

WHEREAS, the Government seeks to protect sensitive, confidential, or personal identifying information contained in the materials it produces consistent with Rule 16 or other disclosure obligations;

WHEREAS the defendant, through his counsel, consents to the entry of this Order;

IT HEREBY IS ORDERED:

1. The Discovery disclosed to the defendant ("Defendant") and/or to the defendant's attorneys ("Defense Counsel") during the course of proceedings in this action:

a) Shall be used by the defendant or his counsel solely for purposes of the defense of this action;

b) Shall not be copied or otherwise recorded or transmitted by the defendant;

c) Shall not be disclosed or distributed in any form by the defendant or his counsel except as set forth in paragraph 2(d) below;

d) May be disclosed only by Defense Counsel and only to the following persons ("Designated Persons"):

i. investigative, secretarial, clerical, or paralegal personnel employed full-time or part-time by the defendant's counsel ("Defense Staff");

ii. any expert, advisor, or any other individual retained or employed by the Defendant and Defense Counsel for the purpose of assisting in the defense of this case ("Defense Experts/Advisors");

iii. such other persons as hereafter may be authorized by Order of the Court ("Other Authorized Persons");

e) May be shown to, but not disseminated to or provided copies of to, prospective witnesses and their counsel (collectively, "Potential Witnesses"), to the extent deemed necessary by defense counsel, for trial preparation.

2. To the extent the Discovery is disclosed to Defense Staff, Defense Experts/Advisors, Other Authorized Persons, or Potential Witnesses, Defense Counsel shall instruct such individual(s) of the terms of this Order and that such individual(s) are bound by this Order. To the extent that Discovery is disseminated to Defense Staff, Defense Experts/Advisors, or Other Authorized Persons, Defense Counsel shall encrypt and/or password protect the Discovery. The provisions of this paragraph do not apply to communications exclusively between and among Defense Counsel.

3. The Government, the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Witnesses, and Other Authorized Persons are prohibited from posting or causing to be posted any of the Discovery or information contained in the Discovery on the Internet, including any social media website.

4. The Government (other than in the discharge of their professional obligations in this matter), Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Witnesses, and Other Authorized Persons are precluded from publicly

disclosing or disseminating the identity of any victims or witnesses referenced in the Discovery. This Order does not prohibit Defense Counsel from publicly referencing individuals who have spoken on the public record in litigation – criminal or otherwise – relating to Jeffrey Epstein.

5. The Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Witnesses, and Other Authorized Persons are prohibited from filing publicly as an attachment to a filing or excerpted within a filing any of the Discovery or information contained in the Discovery, unless authorized by the Government in writing or by Order of the Court. Any filings that incorporate the Discovery by attachment, contain any excerpts of Discovery, or incorporate Discovery by reference must be filed under seal. Nothing in this Order precludes Defense Counsel from using the Discovery in judicial proceedings in this case.

6. Copies of Discovery or other materials produced by the Government in this action bearing "confidential" stamps or otherwise designated as "confidential" and/or electronic Discovery materials designated as "confidential" by the Government, including such materials marked as "confidential" either on the documents or materials themselves, or designated as "confidential" in a cover letter, index, folder title, or

other identifying designation, are deemed "Confidential Information."

7. Confidential Information may contain personal identification information of specific individuals who are not parties to this action, and other confidential information; as well as information that identifies, or could lead to the identification of, witnesses in this matter. The Government's designation of material as Confidential Information will be controlling absent contrary order of the Court.

8. Confidential Information disclosed to the defendant, or Defense Counsel, respectively, during the course of proceedings in this action:

a) Shall be used by the defendant or his counsel only for purposes of the defense of this action;

b) Shall be maintained in a safe and secure manner solely by Defense Counsel;

c) Shall be reviewed by the Defendant solely in the presence of Defense Counsel;

d) Shall not be possessed outside the presence of Defense Counsel, or maintained, by the Defendant;

e) May be disclosed only by Defense Counsel and only to Designated Persons;

f) May be shown to, but not disseminated to or provided copies of to, Potential Witnesses, to the extent deemed

necessary by defense counsel, for trial preparation, and after defense counsel and/or Defense Staff instructs such individual(s) of the terms of this Order and that such individual(s) are bound by this Order.

9. Copies of Discovery or other materials produced by the Government in this action bearing "highly confidential" stamps or otherwise designated as "highly confidential" and/or electronic Discovery materials designated as "highly confidential" by the Government, including such materials marked as "highly confidential" either on the documents or materials themselves, or designated as "highly confidential" in a cover letter, index, folder title, or other identifying designation, are deemed "Highly Confidential Information."

10. Highly Confidential Information contains images of nude or partially-nude individuals. The Government's designation of material as Highly Confidential Information will be controlling absent contrary order of the Court. Highly Confidential Information disclosed to Defense Counsel during the course of proceedings in this action:

a) Shall not be disseminated, transmitted, or otherwise copied and provided to Defense Counsel or the Defendant;

b) Shall be reviewed by the Defendant solely in the presence of Defense Counsel;

c) Shall not be possessed outside the presence of Defense Counsel, or maintained, by the Defendant;

d) Shall be made available for inspection by Defense Counsel and the Defendant, under the protection of law enforcement officers or employees; and

e) Shall not be copied or otherwise duplicated by Defense Counsel or the Defendant during such inspections.

11. The Defendant and Defense Counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information or Highly Confidential Information. Prior to disclosure of such information to Designated Persons, any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to the defendant's counsel. However, the defendant and his or her respective counsel need not obtain signatures from any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), all of whom are nonetheless bound by this Protective Order.

12. Except for Discovery that has been made part of the record of this case, Defense Counsel shall return to the Government or securely destroy or delete all Discovery,

including but not limited to Confidential Information, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the expiration of the period for a petition pursuant to 28 U.S.C. § 2255; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

13. The foregoing provisions shall remain in effect unless and until either (a) the Government and Defense Counsel mutually agree otherwise, or (b) this Order is modified by further order of the Court.

SO ORDERED:

Dated: New York, New York
July 25, 2019

Richard M. Berman /AR
HONORABLE RICHARD M. BERMAN
United States District Judge

AGREED AND CONSENTED TO:

Dated: July 24, 2019
New York, New York

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: /s/
Alison Moe / Alex Rossmiller / Maurene Comey
Assistant United States Attorneys

Dated: July 25, 2019
New York, New York

JEFFREY EPSTEIN

By: [signature]
Martin Weinberg, Esq.
Reid Weingarten, Esq.
Counsel for Jeffrey Epstein