**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| State of New Mexico | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-2762-AHA |
| | ) | |
| Department of Justice, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' STATEMENT OF**
**MATERIAL FACTS NOT IN DISPUTE**

Defendants maintain that the facts set forth below are not genuinely in dispute and, in conjunction with applicable law, entitle them to either summary judgment or dismissal pursuant to Rule 12(b)(1).

1. New Mexico began its investigation into potential crimes at Jeffrey Epstein's Zorro Ranch located in Santa Fe County, New Mexico, in February 2019. Compl. ¶ 24.

2. DOJ declined New Mexico's initial offer to share information in mid-May 2019. Compl. ¶¶ 25–26.

3. In that communication, DOJ stated it was "not in a position to share any information relating [to the Epstein investigation] or to discuss possible [law enforcement] coordination." Compl., Ex. 3 at 17.

4. In response, New Mexico agreed to "cease any investigation into sex trafficking and share whatever [it] had gathered . . . with [DOJ through the Southern District of New York US Attorney's Office (SDNY)]" during a subsequent phone call on July 23, 2019. Compl. ¶ 27.

5. New Mexico provided DOJ with its investigative file relating to Epstein's activities within the State on September 17, 2019. Compl. ¶ 29.

6. DOJ reiterated it would "reach out [to New Mexico] should [it] learn of viable state-level charges that are not already covered by [the] federal investigation[]" following the arrest of Ghislaine Maxwell. Compl., Ex. 5 at 2.

7. To date, DOJ has not referred any state-related matters to New Mexico concerning Epstein or his co-conspirators. Compl. ¶ 42.

8. New Mexico reopened its investigation into potential criminal activity at Zorro Ranch in February 2026. Compl. ¶ 44.

9. On February 13, 2026, New Mexico sent DOJ a letter requesting production of full, unredacted copies of all documents pertaining to an allegation that two female sex-trafficking victims were buried at Zorro Ranch. Compl. ¶ 47.

10. New Mexico sent another request seeking general access to unredacted materials relating to Zorro Ranch in a March 13, 2026 letter. Compl. ¶ 48.

11. On April 1, 2026, New Mexico spoke with DOJ's Associate Deputy Attorney General, Diego Pestana, regarding its March 13, 2026 request. Compl. ¶ 50.

12. During that conversation, Mr. Pestana requested that New Mexico submit a formal *Touhy* request to the federal district of New Mexico's U.S. Attorney's Office (DNM). Compl. ¶ 50.

13. New Mexico's special counsel, Sean P. Sullivan, sent a *Touhy* request on May 3, 2026, requesting access to unredacted documents collected, assembled, and prepared in connection with investigations and prosecutions of Epstein and his associates as well as any relevant nonprivileged unreleased files. Compl. ¶¶ 53–54.

14. The *Touhy* request highlighted nine records as exemplary of patterns and practices of criminal behavior by Epstein, Maxwell, and their associates occurring in New Mexico and at Zorro Ranch but did not limit its scope to those materials. Compl. ¶ 55.

15. The *Touhy* request stated that New Mexico is currently investigating potential felony offenses under its state criminal code and the requested information is necessary to identify potential witnesses, identify potential unindicted perpetrators, verify travel movements, and conduct a more thorough examination of criminal behavior in New Mexico. Compl. ¶¶ 54, 59.

16. New Mexico requested Defendants respond to the *Touhy* request by May 11, 2026. Compl. ¶ 54.

17. New Mexico sent follow-up letters to the *Touhy* request seeking Defendants grant access to the unredacted Epstein Files on May 29, 2026, June 30, 2026, and July 14, 2026. Compl. ¶¶ 64, 69, 71.

18. New Mexico received Defendants' response to the *Touhy* request on July 14, 2026. Compl. ¶ 72.

19. In that response, Defendants raised three primary objections to the request: (1) producing the millions of unredacted pages maintained in the Epstein Library is overbroad, unduly burdensome, and not reasonably related to the needs of the case since there is no pending case and the requests are not targeted to any particular fact or issue; (2) DOJ regulations prohibit disclosure if doing so would violate a statute or a rule of procedure—here, the protective orders entered in Epstein and Maxwell's criminal cases and the Privacy Act; and (3) disclosure would interfere with enforcement proceedings, disclose investigative techniques, or violate an claim of privilege. Compl., Ex. 3 at 5–6.

Dated: October 12, 2026 Respectfully submitted,

BRETT SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

*/s/ Richard C. Giles*
RICHARD C. GILES
Trial Attorney (WY Bar No. 8-7222)
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 598-7598
Email: Richard.C.Giles@usdoj.gov

*Counsel for Defendants*