# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

-against-

JEFFREY EPSTEIN,
Defendant.

19 Cr. 490 (RMB)

**DECISION & ORDER**

The recently enacted "Epstein Files Transparency Act," Pub. L. No. 119-38, 139 Stat. 656 (2025) (the "Act"), compels the U.S. Department of Justice ("Government") to **make public by December 19, 2025** certain evidentiary files. The files in question ("Epstein files") are the subject of the instant motion which was submitted to the Court by the Government on November 24, 2025. *See* Gov't Mot., dated Nov. 24, 2025 (ECF No. 85). In fulfilling its obligations to bring the Epstein files to the public quickly, the Government is also required to protect all Jeffrey Epstein "victims" by excluding (redacting) "personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Epstein Files Transparency Act § 2(c)(1)(A).[1]

The Court hereby grants the Government's motion in accordance with the Epstein Files Transparency Act and with the unequivocal right of Epstein victims to have their identity and privacy protected. *See also* court rulings in *United States v. Maxwell*, No. 20 Cr. 330 (PAE) (S.D.N.Y. Dec. 9, 2025) (ECF No. 820) and in *In re Grand Jury 5-02 (WPB) & 7-103 (WPB)*, No. 25 Misc. 80920 (RS) (S.D. Fla. Dec. 5, 2025) (ECF No. 8).

[1] *See also* Gov't Resp., dated Dec. 8, 2025, at 1 (ECF No. 91) ("As a threshold matter, the Department [of Justice] continues to view victim privacy as paramount in these cases . . . .").

## I. LEGAL STANDARD

"[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (collecting cases). The Epstein Files Transparency Act states that: "**Not later than 30 days after the date of enactment of this Act**, the Attorney General shall, subject to subsection (b), make publicly available in a searchable and downloadable format all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice, including the Federal Bureau of Investigation and United States Attorneys' Offices, that relate to . . . Jeffrey Epstein including all investigations, prosecutions, or custodial matters." Epstein Files Transparency Act § 2(a)(1) (emphasis added).

## II. DISCUSSION

The "plain language" of the Epstein Files Transparency Act unequivocally intends to make public *Epstein* grand jury materials and discovery materials covered by the *Epstein* Protective Order, dated July 25, 2019 (ECF No. 38). *See id.* The Act also safeguards Epstein victims' identities and privacy by requiring the Attorney General to "withhold or redact . . . personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Epstein Files Transparency Act § 2(c)(1)(A). The Government has committed to making "appropriate redactions of victim-related and other personal identifying information" expeditiously. Gov't Mot. at 8; *see also* Gov't Letter, dated Dec. 1, 2025, at 2 (ECF No. 88). **In fact, the Act states that the Epstein files material must be made public "[n]ot later than 30**

**days after the date of enactment of this Act."** Epstein Files Transparency Act § 2(a) (emphasis added).

**A. <u>Grand Jury Materials</u>**

The Act requires disclosure of *Epstein* grand jury materials by requiring disclosure of "all unclassified records, documents, communications, and investigative materials." *Id.* "All" is crystal clear and should be afforded its "ordinary, common-sense meaning." *Eisenhauer v. Culinary Inst. of Am.*, 84 F.4th 507, 517 (2d Cir. 2023) (citing *United States v. Dauray*, 215 F.3d 257, 260 (2d Cir. 2000)). Section 2(a) clearly includes the unsealing of the *Epstein* grand jury materials. *See Ruiz-Almanzar v. Ridge*, 485 F.3d 193, 197 (2d Cir. 2007) (where Congress was aware of a category and did not exclude the category from the statute, that category is covered). The Act supersedes the otherwise secret grand jury materials under Federal Rule of Criminal Procedure 6(e). *See United States v. Mohammed*, 27 F.3d 815, 820 (2d Cir. 1994).

**B. <u>Protective Order Materials</u>**

The clear language of the Act requires the Attorney General to make publicly available the discovery materials included in the Protective Order, dated July 25, 2019 (ECF No. 38). The Act requires disclosure of "all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice" related to Epstein, including materials otherwise subject to the July 25, 2019 Protective Order. Epstein Files Transparency Act § 2(a).

**C. <u>Victim Rights</u>**

Epstein victims' attorneys have written to the Court, and the Court agrees, that disclosure under the Act "CANNOT come at the expense of the privacy, safety, and protection of sexual abuse and sex trafficking victims . . . ." Letter from Edwards Henderson, PLLC to the Hon.

Richard M. Berman, dated Nov. 25, 2025, at 1 (ECF No. 87). Clearly victims' safety and privacy are paramount and consistent with Section 2(c)(1)(A) of the Epstein Files Transparency Act.

Date: December 10, 2025
New York, New York

Richard M. Berman

**RICHARD M. BERMAN, U.S.D.J.**