**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF NEW MEXICO,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-02762 (AHA) |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

The State of New Mexico (the "State") asserts the following responses and additional material facts in opposition to the United States Department of Justice's ("DOJ") Statement of Material Facts Not in Dispute, Doc. 8-3.

## RESPONSE TO MATERIAL FACTS NOT IN DISPUTE

1. Admitted.

2. Admitted.

3. Admitted.

4. Disputed. The State did not independently decide to stand down its investigation after DOJ declined to coordinate on an investigation of Epstein's New Mexico-related activities. On July 23, 2019, DOJ *told* the State to stand down from its investigation into Epstein's potential criminal activity in New Mexico. The State "agreed to cease any investigation into sex trafficking and share whatever [the State] had gathered to date regarding sex trafficking activity with [SDNY]."[1] Doc. 1 at ¶ 27. In exchange, DOJ agreed to refer to state law crimes and "pass along

[1] U.S. Dep't of Justice, Epstein Library, EFTA00019183 at -89 to -90, https://www.justice.gov/epstein/files/DataSet%208/EFTA00019183.pdf (last visited July 28, 2026).

any information [DOJ] may have gathered about state crimes that were committed in [the State's] jurisdiction."[2] Doc. 1 at ¶ 28

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Disputed in part. The State requested a specific, unredacted EFTA file—EFTA01250229—as well as "any and all other unredacted documentation, correspondence, investigative materials, internal memoranda, or related records" pertaining to an allegation that two sex-trafficking victims were buried at Zorro Ranch. Doc. 1 at ¶ 47; Doc. 1-15 at 2.

10. Admitted. The State, through Attorney General Torrez, also requested access to five specific documents in the Epstein Files—EFTA00006970; EFTA00008631; EFTA00068582; EFTA02731082; EFTA01873236. Doc. 1 at ¶ 48; Doc. 1-12 at 2-3.

11. Admitted. DOJ Associate Deputy Attorney General Diego Pestana expressed DOJ's willingness to engage collaboratively with the State's investigation and acknowledged the critical importance of the State's investigation in ensuring justice for survivors during that call. Doc. 1 at ¶ 50

12. Admitted.

13. Admitted. Special counsel Sean P. Sullivan was acting at Attorney General Torrez's direct instruction in submitting the request.

14. Disputed. In addition to highlighting nine specific records, the State sought to minimize the administrative burden on DOJ by undertaking "the resource-intensive task of identifying

[2] U.S. Dep't of Justice, Epstein Library, EFTA01681971 at -71, https://www.justice.gov/epstein/files/DataSet%2010/EFTA01681971.pdf (last visited July 28, 2026).

records relevant to New Mexico's investigation." Doc. 1-18 at 6. The State offered to send its own personnel to examine DOJ's records in Washington, D.C., "subject to reasonable security protocols and access conditions [DOJ] deems appropriate." *Id.*

15. Admitted

16. Admitted.

17. Admitted. The follow-up letters included direct correspondence from New Mexico Attorney General Raúl Torrez, the agency head of the New Mexico Department of Justice. *See* Doc. 1-24.

18. Admitted.

19. Admitted. DOJ provided boilerplate objection language within each of these three categories. *See* Doc. 1-7 at 5-6.

**PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS[3]**

1. The Epstein Files include over 13,000 references to Zorro Ranch and 5,000 references to New Mexico as locations where victims were trafficked, groomed, and assaulted. Doc. 1 at ¶ 23.

2. DOJ's promise to refer information back to the State at the end of the federal investigation induced the State to stand down its own independent investigation in 2019. *See* Doc. 1 at ¶¶ 24-28.

---

[3] The State submits these additional material facts and cites to the complaint, the complaint exhibits, and two exhibits attached to the Memorandum Of Points & Authorities In Opposition to Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment ("Response") filed herewith. While LCvR 7(h)(2) states that facts should be stated with references to the administrative record, DOJ has filed its statement of facts before the administrative record was compiled and only cites to the complaint. *See* Doc. 8-3. Moreover, the current administrative record is materially incomplete and does not contain relevant information, including communications between DOJ and State officials that directly bear on the disputed *Touhy* request. *See* Docs. 15; 15-1. The State intends to supplement the record with those exhibits to ensure the Court has the full factual record if it proceeds to decide the case applying APA summary judgment standards.

3. Documents released through the Epstein Files Transparency Act ("EFTA") confirm that DOJ had long known that crimes occurred in New Mexico. In fact, DOJ secured grand jury testimony from one if its own witnesses detailing a victim's account of being abused in New Mexico.[4] *See* Doc. 1 at ¶ 39. Ghislaine Maxwell's indictment also included alleged overt acts of grooming and abuse in New Mexico. *See* Indictment, *United States v. Maxwell*, 1:20-cr-00330, Dkt. No. 1 (S.D.N.Y. June 29, 2020); Superseding Indictment, *Maxwell*, 1:20-cr-00330, Dkt. No. 187. And DOJ elicited testimony under oath at trial from a victim, Ms. Moe, who described being sexually assaulted in New Mexico as a minor. *See United States v. Maxwell*, 118 F.4th 256, 268-69 (2d Cir. 2025) (finding victim's testimony regarding abuse suffered in New Mexico was within the conduct charged in the indictment).[5]

4. In response to Senate questioning, then-Acting Attorney General Blanche has confirmed that DOJ is not proceeding with any Epstein-related prosecutions at this time. *See* Doc. 1 at ¶ 41; Doc. 1-13 at 191-192.

5. DOJ violated its promises that induced the State to stand down its investigation into Epstein and his co-conspirators in 2019. DOJ never shared information related to Epstein, his co-conspirators, and their conduct in and related to New Mexico. Doc. 1 at ¶ 42.

6. Consistent with the longstanding history of state and federal law enforcement collaboration and DOJ's 2019 agreement, the State first sought access to investigative materials in DOJ's possession February 2026. Doc. 1 at ¶ 46.

---

[4] *See* U.S. Dep't of Justice, Epstein Library, EFTA00008631 at -80 to -85, https://www.justice.gov/epstein/files/DataSet%206/EFTA00008631.pdf (last visited July 28, 2026) (describing overt acts of grooming and abuse in New Mexico).

[5] *See also* U.S. Dep't of Justice, Epstein Library, EFTA00068582 at -782 to -785, https://www.justice.gov/epstein/files/DataSet%209/EFTA00068582.pdf (last visited July 28, 2026) (transcript of trial testimony).

7. DOJ has in its possession information that would support criminal prosecutions by the State under state law of people other than Epstein and Maxwell.[6] *See* Doc. 1 at ¶¶ 47, 56, 57; Doc. 1-15 at 2 (detailing the State's informal request for information from DOJ related to two alleged murders at Zorro Ranch).

8. New Mexico Attorney General Torrez followed up the State's *Touhy* request with his own request to DOJ officials, reiterating the *Touhy* request and requesting in-person meetings. Doc. 1 at ¶ 66; Doc. 1-24.

9. On July 7, 2026 a DOJ spokesperson "reiterate[d] that [DOJ] welcomes New Mexico undertaking additional investigation of the Zorro Ranch and stands ready to provide necessary assistance with New Mexico's investigation.[7] Doc. 1 at ¶ 70.

10. On July 14, 2026, DOJ flipflopped on its assurances to continue working with the State and denied the bulk of the State's *Touhy* request. *See* Doc. 1 at ¶ 72. DOJ produced a limited amount of information, most of which was publicly available, and otherwise cited boilerplate objections to producing anything that would meaningfully advance the State's Zorro Ranch investigation. *See id.* ¶¶ 72-74; Doc. 1-7.

11. The only objections DOJ provided to the State's *Touhy* request are: that the request was overbroad and unduly burdensome, that it violated the Privacy Act, and that it violated protective orders entered in the Epstein and Maxwell cases. Doc. 1-7 at 5-6.

---

[6] *See e.g.*, U.S. Dep't of Justice, Epstein Library, EFTA02731082 at -09 to -10, https://www.justice.gov/epstein/files/DataSet%2012/EFTA02731082.pdf (last visited July 28, 2026) (U.S. Department of Justice's prosecution memo); U.S. Dep't of Justice, Epstein Library, EFTA01245688 at -88 to -89, https://www.justice.gov/epstein/files/DataSet%209/EFTA01245688.pdf (last visited July 28, 2026) (FBI interview memo).

[7] Andrew Hay, *New Mexico says US Justice Dept hindering probe of former Epstein ranch*, REUTERS (Jun. 9, 2026, 2:56 PM), https://www.reuters.com/legal/government/new-mexico-says-us-justice-dept-hindering-probe-formerepstein-ranch-2026-07-09/.

12. August 6, 2026, the State submitted to DOJ a New Mexico grand jury subpoena providing express notice that there is a formal pending state proceeding associated with the *Touhy* request at issue. *See* Grand Jury Subpoena Duces Tecum, attached as Ex. A to the Response (filed under seal). On August 19, 2026, Ellison and Buckley, in their respective roles in DNM and SDNY, sent letters to the State refusing to produce any documents in response to the subpoena. *See* Letters from DNM & SDNY, attached as Ex. B to Response. Both letters restate DOJ's rationale for denying the State's *Touhy* requests.

13. To date, victims of Epstein and his associates who were trafficked and abused in New Mexico have not received the justice they deserve.[8]

Respectfully submitted,

**RAÚL TORREZ**
Attorney General of the State of New Mexico

By: *<u>/s/Anjana Samant</u>*
Anjana Samant
D.D.C. Bar ID 4267019
*Deputy Counsel*

New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501

Amanda Butler
Jessica Serrano

New Mexico Department of Justice
201 3rd NW, Suite 300
Albuquerque, New Mexico 87102

Mark T. Baker*
Jacques H. Chouinard*

[8] A victim of Maxwell submitted a letter during Maxwell's trial stating her "disappointment that, to date, DOJ has not taken action against 'other critical inner circle Epstein accomplices.'" *United States v. Maxwell*, 811 F.Supp. 3d 667, 674 (S.D.N.Y. 2025).

Peifer, Hanson, Mullins & Baker, P.A.
500 Marquette NW, Suite 510
Albuquerque, New Mexico 87102

*Attorneys for the State of New Mexico*

* *Pro Hac Vice Motion Forthcoming*