**U.S. Department of Justice**

*United States Attorney*
*District of New Mexico*

*201 Third St. NW, Suite 900*
*Albuquerque, NM 87102*
*Phone: (505) 346-7274*
*Fax: (505) 346-7296*

August 19, 2026

VIA email and hand-delivery
Special Agent Daphne Williams
New Mexico Department of Justice
201 Third Street, Suite 300
Albuquerque, NM 87102
(505)-917-5074
dwilliams@nmdoj.gov

RE: ***Response to Grand Jury Subpoena Duces Tecum dated August 10, 2026***
***No. GJ-2026-00005, NMDOJ No.2026-00111***

Dear Special Agent Williams:

This letter responds to the grand jury subpoena duces tecum addressed to the United States Attorney's Office for the District of New Mexico (USAO-DNM), which was received in the mail on August 10, 2026. The subpoena did not include a request pursuant to *U.S. ex. Rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and your compliance with the *Touhy* regulations is a condition precedent to obtaining testimony or other information from USAO-DNM. *See Smith v. Cromer*, 159 F.3d 875, 879-80 (4th Cir. 1998); *United States v. Wallace*, 32 F.3d 921 (5th Cir. 1994); *United States v. Bizzard*, 674 F.2d 1382 (11th Cir. 1982). The government has a "legitimate interest in orderly governmental operations and the proper use of officials' time." *Alex v. Jasper Wyman & Son*, 115 F.R.D. 156, 157 (D. Me. 1986).

As explained in *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312, 316-17 (7th Cir. 1994) (internal citations omitted):

> The common law doctrine is embodied in *United States ex rel. Touhy v. Ragen*; the state is without jurisdiction to independently compel the testimony or production of documents when it is contrary to a valid agency regulation. In *Touhy,* the Supreme Court held that subordinate federal officials could not be held in contempt for failing to comply with a court order that was converse to a valid federal regulation. *Touhy* is part of an unbroken chain of authority that supports the Department's contention that a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations.

The subpoena appears to be seeking the same documents that were sought in the New Mexico Department of Justice's (NMDOJ) May 3, 2026 *Touhy* request. The USAO-DNM fully responded to that request on June 30, 2026. Please refer to that prior correspondence, and in

**EXHIBIT**
**B**

response to the subpoena, the USAO-DNM hereby incorporates by reference, as though fully set forth herein, all the statements and objections contained therein.

In addition to the objections memorialized in the June 30, 2026 correspondence, the USAO-DNM also objects to the subpoena on grounds of sovereign immunity and expressly preserves all defenses and objections related to sovereign immunity.

"It is well-settled that sovereign immunity prevents federal agencies from being compelled to respond to subpoenas issued by a state court." *Maryland v. Smith*, 766 F. Supp. 3d 498, 509 (D. Md. 2025) (holding in part that state court lacked jurisdiction, due to sovereign immunity, to compel federal agency to produce documents or require its agents to appear and testify) (citing *Cromer*, 159 F. 3d. at 883). *See also Boron Oil Co. v. Downie*, 873 F.2d 67, 70-72 (4th Cir. 1989) (holding the state court had no jurisdiction to compel the testimony of a federal agent once the federal agency exercised its regulatory authority and denied the request for testimony); *In Re Elko County Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997) (state court lacked jurisdiction to compel a federal employee to testify before a state grand jury); and *In Re Subpoena In Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008) (a state subpoena commanding a federal agency to produce its records or have its employees testify about information obtained in their official capacities violates federal sovereign immunity). As recognized by various federal courts, state courts do not have jurisdiction over federal entities. *See Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1994 ("cases involving Section 1442(a) removals of state subpoena proceedings against unwilling federal officers have held that sovereign immunity bars the enforcement of the subpoena").

Accordingly, the subpoena mailed to the USAO-DNM cannot be enforced in state court due to sovereign immunity and the Supremacy Clause of the Constitution. *See United States v. Willliams*, 170 F.3d 431, 433 (4th Cir. 1999) ("This case places before the court the issue of whether a state court has jurisdiction to compel the FBI to produce documents subpoenaed by a defendant in the course of a state criminal prosecution. We conclude that it does not."); *Boron Oil Co.*,873 F.2d at 70-71 (holding that subpoena of federal official falls within protection of sovereign immunity); Swett *v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986) (state court lacked jurisdiction to use contempt procedures against federal employee who refused to answer certain deposition questions); *see also Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1997 (11th Cir. 1991) ("an unbroken line of authority directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations.") (alteration in original).[1]

[1] Specifically, the doctrine of sovereign immunity protects the United States (including its employees acting within the scope of employment) from suit unless the government has consented to be sued. *See Sec. & Exch. Comm'n v. Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 216–17 (S.D.N.Y. 2015); *see also In re SEC ex rel. Glotzer*, 374 F.3d 184, 188–89, 190 n.7 (2d Cir. 2004) (holding that absent waiver, sovereign immunity bars a subpoena for a federal government employee's testimony and that because the government had not waived sovereign immunity, the court lacked jurisdiction to consider a motion to compel the testimony of a federal employee); *Hoste v. Shanty Creek Management, Inc.*, 246 F. Supp. 2d 784, 789 (W.D. Michigan 2002) ("[S]overeign immunity bars the enforcement of a state court order requiring testimony of an unwilling officer."). Further, "a consideration of the merits can play no part in our decision." *Swett*, 792 F.2d at 1452; *see also In re Boeh*, 25 F.3d 761, 764-65 & n.4 (9th Cir. 1994).

Again, the USAO-DNM fully responded to the NMDOJ's *Touhy* request on June 30, 2026, and that response is incorporated herein. The USAO-DNM also objects to the subpoena on grounds of sovereign immunity and reserves the right to assert further objections.

Should you have any questions or wish to discuss this matter further, please do not hesitate to contact my office.

Sincerely,

RYAN ELLISON
First Assistant United States Attorney

cc: Kimberly Brawley, Deputy United States Attorney, USAO-DNM
Erin Langenwalter, Deputy Civil Chief and Touhy Officer, USAO-DNM

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 19, 2026

**BY ELECTRONIC MAIL**

Special Agent Daphne Williams
New Mexico Department of Justice
201 Third Street, Suite 300
Albuquerque, NM 87102
(505)-917-5074
dwilliams@nmdoj.gov

RE: ***Response to Grand Jury Subpoena Duces Tecum dated August 10, 2026***
***No. GJ-2026-00005, NMDOJ No.2026-00111***

Dear Special Agent Williams:

This letter responds to the grand jury subpoena *duces tecum* purportedly addressed to the United States Attorney's Office for the Southern District of New York (SDNY). While SDNY has not received service of any such subpoena, we write here to join in the arguments set forth in correspondence dated June 30, 2026, from the United States Attorney's Office for the District of New Mexico ("USAO-DNM") in which USAO-DNM responded to your office's prior *Touhy* request to USAO-DNM and correspondence dated today from USAO-DNM concerning the subpoena. SDNY hereby incorporates by reference the arguments in both letters to the extent they apply to SDNY, and hereby reserves all rights and objections.

Sincerely yours,

JAMES M. MCDONALD
United States Attorney

by: _/s/ Sean S. Buckley_____________
Sean S. Buckley
Deputy United States Attorney